# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2021

Lyle W. Cayce
Clerk

No. 21-30032

United States of America,

*Plaintiff—Appellee*,

*versus*

Clyde J. Pontefract,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:08-CR-69-1

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Clyde Pontefract, federal prisoner #13955-035, seeks a certificate of appealability ("COA") to appeal the denial of his motion to modify his sentence and the denial of his Federal Rule of Civil Procedure 60(b) motion for relief from judgment. The district court determined that the Rule 60(b) motion sought reconsideration of its order transferring Pontefract's second

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30032

28 U.S.C. § 2255 motion to this court as an unauthorized successive § 2255 motion.

In his COA motion, Pontefract contends that the district court erred in failing to consider the merits of his Rule 60(b) motion, which he argues was a true Rule 60(b) motion alleging both fraud on the court during his plea and sentencing proceedings and extraordinary circumstances; he contends that *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), applied to that motion. Additionally, he challenges the denial of his motion to modify his sentence per 18 U.S.C. § 3582(c) or 3583(e)(2), reasoning that under *United States v. Haymond*, 139 S. Ct. 2369 (2019), his terms of imprisonment and supervised release together could not exceed 30 years and that any term of supervised release extending beyond the 30-year total was required to be modified to remove any conditions. In Pontefract's view, *Haymond* applies retroactively.

Pontefract need not obtain a COA to appeal the denial of any request for a modification of his sentence under § 3582(c) or 3583(e)(2). *See* 28 U.S.C. § 2253(c). But none of the scenarios he describes regarding these statutes is applicable to his case. *See* §§ 3582(c), 3583(e)(2). The district court therefore did not abuse its discretion in denying Pontefract's motion to the extent he sought a modification in his sentence under §§ 3582(c) and 3583(e)(2).

Although Pontefract attempts to incorporate by reference the arguments that he made in his Rule 60(b) motion, he may not do so. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Additionally, Pontefract has abandoned, by failing to brief, any argument that his Rule 60(b) motion challenged the denial of his initial § 2255 motion instead of the transfer order. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

As to Pontefract's remaining arguments, to obtain a COA, he must

2

No. 21-30032

make "a substantial showing of the denial of a constitutional right." § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). He may satisfy "this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Pontefract has not met the standard.

Accordingly, to the extent the district court denied Pontefract's motion for modification of his sentence under §§ 3582(c) and 3583(e)(2), the order is AFFIRMED. Pontefract's motion for a COA to appeal the remainder of the district court's decision is DENIED.